# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-701V

* * * * * * * * * * * * * * * * * * * * * * * * * *

LISA ANTALOSKY,

                 Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                 Respondent.

**UNPUBLISHED**

Special Master Katherine E. Oler

Filed: January 24, 2022

Interim Attorneys' Fees and Costs

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Edward Kraus*, Law Offices of Chicago Kent, Chicago, IL, for Petitioner
*Traci Patton*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On June 16, 2016, Lisa Antalosky ("Ms. Antalosky" or "Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program") alleging Ms. Antalosky suffered from advanced obstructive lung disease secondary to constrictive bronchiolitis which was caused-in-fact by the influenza ("flu") vaccination she received on October 15, 2014. Pet. at 1, ECF No. 1.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

On May 3, 2021, Petitioner filed an application for interim attorneys' fees and costs (hereinafter "Fees Application" or "Fees App."), totaling $177,554.53. Fees App. at 1, ECF No. 78. On June 14, 2021, Respondent filed a response (hereinafter "Fees Response" or "Fees Resp.") stating it is within my discretion to award interim attorneys' fees and costs. Fees Resp., ECF No. 79. On June 22, 2021, I accepted Respondent's response into the record despite its tardiness. *See* Non-PDF Order dated 6/22/2021 Granting Leave to File Out of Time.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application and award a total of **$132,126.16** in interim attorneys' fees and costs.

## I. Legal Standard

### A. Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought her petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special

Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that her claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in her claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. Aug. 19, 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

3

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. Undue Financial Hardship

Counsel for Petitioner has worked on this case for over five years. During this time, he has prepared for and conducted an entitlement hearing. Fees App. at 1, 3. Petitioner states that "Carrying forward the substantial fees and costs in this case constitutes a hardship for counsel and could impact his ability to bring other similarly complex cases in the Vaccine Program." *Id.* at 3-4. I find it reasonable to award Petitioner interim fees and costs at this juncture to avoid undue financial hardship.

### B. Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at a totality of circumstances, taking into account the factual basis for the claim, and the medical and scientific support offered. An entitlement hearing was held on February 20, 2020. *See* Minute Entry dated 2/20/2020. Dr. Eric Gershwin, a board-certified rheumatologist, has submitted two expert reports, in which he has opined that the influenza vaccination Petitioner received provoked an immune/inflammatory response which caused or contributed to the chronic respiratory failure, secondary to obstructive lung disease, constrictive bronchiolitis, and pulmonary fibrosis suffered by Petitioner. *See* Exs. 20, 32. With the medical records and expert reports provided, such evidence is sufficient to justify the filing of this petition, thus I find the petition was filed with reasonable basis.

As there is no other reason to deny an award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

**C. Attorneys' Fees**

Petitioner requests a total of $125,471.75 in attorneys' fees. Fees App. at 1.

1. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

Petitioner's counsel, Mr. Edward Kraus, requests to be compensated as follows: $375.00/hour for work performed in 2015; $389.00/hour for work performed from 2016; $398.00/hour for work performed in 2017; $409.00/hour for work performed in 2018; $418.00/hour for work performed in 2019; $435.00/hour for work performed in 2020; and $458.00/hour for work performed in 2021. Fees App. at 1-2. Petitioner also requests compensation for attorneys' fees for Ms. Amy Kraus: $300.00/hour for work performed in 2015; $311.00/hour for work performed in 2016; $318.00/hour for work performed in 2017; $327.00/hour for work performed in 2018; $334.00/hour for work performed in 2019; $365.00/hour for work performed in 2020; and $384.00/hour for work performed in 2021; and for Ms. Brynna Gang: $300.00/hour for work performed in 2020 and $325.00/hour for work performed in 2021. Fees App. at 2. Mr. Kraus', Ms. Kraus', and Ms. Gang's requested rates are consistent with *McCulloch* and with what these attorneys have been previously awarded in the Program. *See, e.g.*, *Piatek v. Sec'y of Health & Hum. Servs.*, No. 16-524V, 2021 WL 5755318 (Fed. Cl. Spec. Mstr. Sep. 20, 2021); *McHenry v. Sec'y of Health & Hum. Servs.*, No. 17-2009V, 2021 WL 1972272 (Fed. Cl. Spec. Mstr. Apr. 30, 2021); *K.L. v. Sec'y of Health & Hum. Servs.*, No. 16-645V, 2021 WL 852109 (Fed. Cl. Spec. Mstr. Jan. 26, 2021); *Eamick, v. Sec'y of Health & Hum. Servs.*, No. 15-519V, 2020 WL 2467081 (Fed. Cl. Spec. Mstr. Apr. 10, 2020).

Petitioner also requests to be compensated for paralegal work performed: $110.00/hour for work performed from 2015-2016; $125.00/hour for work performed in 2017; $145.00/hour for work performed from 2018-2019; $160.00/hour for work performed in 2020; and $170.00/hour for work performed in 2021. These rates are consistent with such work previously awarded in the Program. Accordingly, I find the requested rates reasonable and that no adjustment is warranted.

2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26.

Petitioner's counsel have provided a breakdown of hours billed and costs incurred. Fees App., Tab A. I find the hours to be largely reasonable, however I must reduce for excessive time billed by paralegals and attorneys for administrative tasks, such as creating and organizing exhibits and processing payment for medical record requests. Mr. Kraus has been warned previously about these billing practices. *See, e.g., K.L. v. Sec'y of Health & Hum. Servs.*, No. 16-645V, 2021 WL 852109 (Fed. Cl. Spec. Mstr. Jan. 26, 2021); *White v. Sec'y of Health & Hum. Servs.*, No. 17-655V,

2020 WL 3619904 (Fed. Cl. Spec. Mstr. Jun. 24, 2020); *Towpik v. Sec'y of Health & Hum. Servs.*, No. 15-1213V, 2019 WL 549144 (Fed. Cl. Spec. Mstr. Jan. 9, 2019); *Balek v. Sec'y of Health & Hum. Servs.*, No. 15-750V, 2018 WL 4623167 (Fed. Cl. Spec. Mstr. Jul. 25, 2018). Accordingly, I will deduct $1,200.00 for the entries billed on 9/3/2015, 9/22/2015, 10/22/2015, 1/22/2016, 3/1/2016, 6/8/2016, 6/16/2016 (2), 8/1/2016 (2), 8/9/2016, 11/11/2016, 5/8/2017, 5/9/2017, 3/5/2018, 3/29/2018, 4/2/2018, 3/21/2019, 5/21/2019, 6/4/2019, 1/7/2020, 1/3/2020, 1/14/2020, 1/16/2020, 2/13/2020.

Total attorneys' fees to be awarded: **$124,271.75**

### D. Reasonable Costs

Petitioner requests a total of $52,082.78 in costs, which includes obtaining medical records, travel expenses, postage costs, the Court's filing fee, a copy of the entitlement hearing transcript, and expert fees. Fees App. at 2; Fees App., Tab B.

1. Petitioner's Expert Costs

Petitioner requests $40,467.82 for work performed by Dr. Eric Gershwin. Fees App., Tab B; *see also* Fees App. at 55-58, 62-63, 101. Petitioner requests Dr. Gershwin be compensated at a rate of $500.00 per hour. Dr. Gershwin has previously been awarded his requested rate and I see no reason to disturb such a request. *See, e.g., Svagdis v. Sec'y of Health & Hum. Servs.*, No. 15-520V, 2020 WL 3969874 (Fed. Cl. Spec. Mstr. Jun. 4, 2020); *Hoskins v. Sec'y of Health & Hum. Servs.*, No. 15-071V, 2017 WL 3379270 (Fed. Cl. Spec. Mstr. Jul. 12, 2017). Dr. Gershwin's invoices include block billing. His invoices state that he charges "To review very extensive med[ical] files: as a courtesy to everyone reduced to 20 hours only" and "To review literature on bronchiolitis/infections/fibrosis and prepare a report: 9.25 hrs." Fees App. at 57. Dr. Gershwin's other invoices are more date specific however they still include block billing. *See* Fees App. at 58, 62.

Attorneys' costs are subject to the same reasonableness requirements as attorneys' fees. *See, e.g., Apuzzo v. Sec'y of Health & Hum. Servs.*, No. 17-1915V, 2021 WL 4305223 (Fed. Cl. Spec. Mstr. Aug. 23, 2021). Block billing is clearly disfavored in the program. *See, e.g., Castaneda v. Sec'y of Health & Hum. Servs.*, No. 15-1066V, 2018 WL 9457462 (Fed. Cl. Spec. Mstr. Jun. 21, 2018). Indeed, the Vaccine Program's Guidelines for Practice state as follows: "[e]ach task should have its own line entry indicating the amount of time spent on that task. Lumping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request."[4] *Id.* Dr. Gershwin has also been warned before that block billing is not appropriate. *See, e.g., Stuart v. Sec'y of Health & Hum. Servs.*, No. 16-940V, ECF No. 96. There is also a discrepancy with Dr. Gershwin's billing invoices related to the entitlement hearing.[5] I will therefore defer payment for Dr. Gershwin's expert fees at this time. Petitioner may re-apply for

---

[4] Guidelines for Practice Under the National Vaccine Injury Compensation Program ("Guidelines for Practice") at 67.

[5] *See infra* fn. 7.

costs related to Dr. Gershwin in a motion for final attorneys' fees and costs. Such a motion should include line-by-line entries for Dr. Gershwin's time.

2. Travel Expenses

Petitioner requests a total of $7,261.08 for travel expenses for Mr. Kraus, Ms. Gang, Dr. Gershwin, and Petitioner for the February 20, 2020 entitlement hearing. Those costs are largely reasonable however Dr. Gershwin's travel expenses ($3,760.55) are not. First, Dr. Gershwin booked business class flights totaling $2,518.15. Fees App. at 74. Business class flights are not compensated by the Program.[6] *See, e.g., Svagdis v. Sec'y of Health & Hum. Servs.*, No. 15-520V, 2020 WL 3969874 (Fed. Cl. Spec. Mstr. Jun. 4, 2020); *Robinson v. Sec'y of Health & Hum. Servs.*, No. 14-952V, 2020 WL 1181739 (Fed. Cl. Spec. Mstr. Jan. 17, 2020); *Forrest v. Sec'y of Health & Hum. Servs.*, No. 14-1046V, 2019 WL 5704792 (Fed. Cl. Spec. Mstr. Oct. 2, 2019) (where Dr. Kinsbourne voluntarily reduced his business class flight price by 50%). Dr. Gershwin also requests $180.00 for "RT travel Dulles to DC," which indicates a limo ride from Dulles International Airport to DC, and a $125.00/day per diem for food. Fees App. at 74. This is also excessive. If Petitioner would like to be reimbursed for Dr. Gershwin's travel expenses, she shall file Dr. Gershwin's receipts and reduce Dr. Gershwin's airfare by 50%.[7] Because Petitioner has not filed the requisite receipts and made the appropriate reduction regarding Dr. Gershwin's business class flight, I will also defer Dr. Gershwin's travel-related expenses. Petitioner may request these expenses in a final motion for attorneys' fees and costs.

Petitioner requests $914.85 for Mr. Kraus' travel to meet with Petitioner prior to the February 2020 entitlement hearing. This is reasonable and compensated in full.

All other travel related costs are reasonable and are granted in full, thus I grant $4,415.38 in travel expenses.

3. Miscellaneous Costs

I have reviewed all miscellaneous costs for which compensation is requested and the supporting documentation. These costs include the Court's filing fee ($400.00), medical record requests ($2,452.40), a copy of the entitlement hearing transcript ($572.00) and shipping expenses ($14.63). I note that documentation regarding U.S. postage was not provided, other than a notation on the corresponding medical records payment. These postage expenditures parallel the United States postage prices throughout the years and do not seem unreasonable. Thus, I award Petitioner's requested miscellaneous costs in full.

---

[6] Other special masters have declined to compensate petitioners for first-class airfare and have found that this policy extended to business-class train fare as well. *See McCulloch*, 2015 WL 5634323 at *22; *see also Ladue v. Sec'y of Health & Hum. Servs.*, No. 12–553V, 20167 WL 2628169 (Fed. Cl. Spec. Mstr. May 25, 2017) (cautioning counsel that business-class train fare would not be reimbursed in the future).

[7] I note that Dr. Gershwin may have realized he overbilled as there was a $807.18 credit that he reduced in his billing for his participation at the entitlement hearing. *See* Fees App. at 101. I suggest Petitioner receive a full accounting from Dr. Gershwin regarding his block billing and travel expenses or risk not being fully compensated in a final application for attorneys' fees and costs.

Total costs to be awarded: **$7,854.41.**

### III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

A lump sum in the amount of **$132,126.16**, representing reimbursement of Petitioner's interim attorneys' fees and costs in the form of a check jointly payable to Petitioner and her attorney, Edward Kraus.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.