# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-701V
Filed: September 29, 2023

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LISA ANTALOSKY,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Edward Kraus*, Kraus Law Group, LLC, Chicago, IL, for Petitioner
*Traci Patton*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

      On June 16, 2016, Lisa Antalosky ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges that she suffered from advanced obstructive lung disease secondary to constrictive bronchiolitis following receipt of her October 15, 2014 influenza ("flu") vaccine. *See* Pet. at 1; Proffer at 1.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On March 23, 2023, I issued a Ruling on Entitlement finding that Petitioner was entitled to compensation because she had met her burden in showing that the flu vaccine she received on October 15, 2014 caused her to develop bronchiolitis obliterans/constructive bronchiolitis. ECF No. 84. On the same day, I issued a damages order instructing the parties to work jointly to resolve the issue of damages. ECF No. 85.

Respondent filed a proffer on September 29, 2023 (ECF No. 104), agreeing to issue the following payment:

**1. A Lump Sum**

A lump sum of **$1,078,449.55**, which amount represents life care expenses expected to be incurred during the first year after judgment ($20,242.42), lost earnings ($798,691.91), pain and suffering ($250,000.00), and past unreimbursable expenses ($9,515.22) in the form of a check payable to Petitioner.

**2. An Annuity**

The remainder of damages shall be paid in the form of an annuity contract, which shall be purchased as soon as practicable after entry of judgment. Accordingly, pursuant to 42 U.S.C. § 300aa-15(f)(4), I order Respondent to purchase, and take ownership of, an annuity contract[3] as described below:

Each Life Insurance Company must meet the following criteria:

1. Have a minimum of $250,000,000 of capital and surplus, exclusive of any mandatory security valuation reserve; and

2. have one of the following ratings from two of the following rating organizations:
   a) A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
   b) Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
   c) Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
   d) Fitch Credit Rating Company, Insurance Company Claims-Paying Ability Rating: AA-, AA, AA+, or AAA.

The Secretary of Health and Human Services shall purchase an annuity contract from the Life Insurance Company for the benefit of Petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to Petitioner as described in Section II(B) of the attached Proffer.

I adopt Respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I approve a Vaccine Program award in the requested amount set

---

[3] To satisfy the conditions set forth herein, in Respondent's discretion, Respondent may purchase one or more annuity contracts from one or more life insurance companies.

forth above to be made to Petitioner. The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

  **IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LISA ANTALOSKY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 16-701V <br> Special Master Oler <br> ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On June 16, 2016, Lisa Antalosky ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered from "obstructive lung disease secondary to constrictive bronchiolitis" as a result of receiving the influenza ("flu") on October 15, 2014. Petition at 1. On March 23, 2022, Special Master Oler issued a ruling of entitlement in favor of petitioner, finding that petitioner suffered bronchiolitis obliterans/constrictive bronchiolitis as a result of her October 15, 2014 flu vaccination. ECF No. 84. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

**I.     Items of Compensation**

    A.     Life Care Items

Respondent engaged life care planner Linda Curtis RN, MS, CCM, CNLCP, and petitioner engaged Susan Guth, LCSW, CCM, CLCP, to provide an estimation of petitioner's

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the special master's March 23, 2022, ruling on entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine injury" is as described in the special master's March 23, 2022, Ruling on Entitlement. All items of compensation identified in respondent's life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Lisa Antalosky, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

      B.      <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Lisa Antalosky has suffered past loss of earnings and will suffer future loss of earnings as a result of her vaccine-related injury. Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Lisa Antalosky's lost earnings is $798,691.91. Petitioner agrees.

      C.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $250,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      D.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $9,515.22. Petitioner agrees.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the special master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $1,078,449.55, representing compensation for life care expenses expected to be incurred during the first year after judgment ($20,242.42), lost earnings ($798,691.91), pain and suffering ($250,000.00), and past unreimbursable expenses ($9,515.22), in the form of a check payable to petitioner, Lisa Antalosky.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Lisa Antalosky, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Lisa Antalosky, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Lisa Antalosky's death.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

## III. **Summary of Recommended Payments Following Judgment**

A. Lump Sum paid to petitioner, Lisa Antalosky: **$1,078,449.55**

B. An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

<u>/s/*Traci R. Patton*</u>
TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-1589
Email: Traci.Patton@usdoj.gov

Dated: September 29, 2023

5

# TAB A

**Appendix A: Items of Compensation for Lisa Antalosky**  Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1<br>2023 | Compensation Years 2-11<br>2024-2033 | Compensation Years 12-15<br>2034-2037 | Compensation Years 16-21<br>2038-2043 | Compensation Years 22-Life<br>2044-Life |
|---|---|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% |  | M | 1,978.80 | 1,978.80 | 1,978.80 |  |  |
| Medicare Adv MOP | 5% |  |  | 6,700.00 | 6,700.00 | 6,700.00 | 6,700.00 | 6,700.00 |
| Pulmonary | 5% | * |  |  |  |  |  |  |
| Mileage: Pulmonary | 4% |  |  | 21.16 | 21.16 | 21.16 | 21.16 | 21.16 |
| Pulmonary Function Test | 5% | * |  |  |  |  |  |  |
| ProAir HFA | 5% | * |  |  |  |  |  |  |
| Montelukast | 5% | * |  |  |  |  |  |  |
| Breo Ellipta | 5% | * |  |  |  |  |  |  |
| Tizanidine | 5% | * |  |  |  |  |  |  |
| Tramadol | 5% | * |  |  |  |  |  |  |
| O2 Concentrator Rental | 4% | * |  |  |  |  |  |  |
| O2 Portable Rental | 4% | * |  |  |  |  |  |  |
| Nasal Cannula | 4% | * |  |  |  |  |  |  |
| O2 Tubing | 4% | * |  |  |  |  |  |  |
| O2 Tubing Connector | 4% | * |  |  |  |  |  |  |
| Shower Chair | 4% |  |  | 47.00 | 9.40 | 9.40 | 9.40 | 9.40 |
| Grab Bars | 4% |  |  | 55.46 | 5.55 | 5.55 | 5.55 | 5.55 |
| Walker | 4% | * |  |  |  |  |  |  |
| Hospital Bed | 4% | * |  |  |  |  |  |  |
| Companion Care/ Homemaker | 4% |  | M | 11,440.00 | 11,440.00 |  |  |  |
| Personal Care Attendant | 4% |  | M |  |  | 31,200.00 | 31,200.00 | 43,800.00 |
| Lost Earnings |  |  |  | 798,691.91 |  |  |  |  |
| Pain and Suffering |  |  |  | 250,000.00 |  |  |  |  |
| Past Unreimbursable Expenses |  |  |  | 9,515.22 |  |  |  |  |
| Annual Totals |  |  |  | 1,078,449.55 | 20,154.91 | 39,914.91 | 37,936.11 | 50,536.11 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($20,242.42), lost earnings ($798,691.91), pain and suffering ($250,000.00), and past unreimbursable expenses ($9,515.22): $1,078,449.55.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.